THE EASTMAN COMPANY v. FLORENCE B. ANYÓN.

156 So. 302
Opinion Filed August 6, 1934.

*Manley P. Caldwell,* for Appellant;
*Joel W. Massie,* for Appellee.

DAVIS, C. J.—An original bill to foreclose a mortgage was filed by the appellee, Florence B. Anyon, widow of James T. Anyon, a deceased resident of New York, as coexecutor with Empire Trust Company, a foreign trust company, of the last will and testament of decedent, James T. Anyon. The appellant, The Eastman Company, as defendant below, objected to the maintenance of the bill to foreclose the mortgage sued on. Its contention was that the foreign domiciliary executors of the last will and testament of the nonresident decedent had no such title to the note and mortgage sued on, under the will of a decedent nonresident of the State of Florida, as executors appointed by the Probate Court of the nonresidents' domicile, as would entitle them to foreclose such mortgage on Florida land in the Courts of Florida, even under Section 5619 C. G. L., 3756 R. G. S. This section, they assert, is not broad enough to enlarge the title of the domiciliary executors, by conferring on them title to a foreign asset such as the Florida mortgage which belonged to the James T. Anyon estate. The court overruled all objections and awarded a final decree of foreclosure. The objecting defendant has appealed.

It appears from the record that James T. Anyon, a nonresident of the State of Florida, died owning note and mortgage made on Florida lands by Florida residents. It was payable in Florida.. Mrs. Anyon, the widow, and Empire

Trust Company were appointed as joint executors of the Anyon will when it was probated in New York, the State of decedent's domicile. No ancillary administration has been attempted to be taken out or taken out in Florida. But prior to the present suit the last will and testament of Anyon, the testator, and the probate thereof, has been duly admitted to probate in Martin County, Florida, where the mortgaged premises were situate, by the recording there of a duly authenticated copy and transcript of the foreign probate proceedings. The Empire Trust Company is a foreign trust company. As such it is prohibited by Section 6145 C. G. L., Chapter 9287, Acts 1933, from exercising trust functions in Florida.

A foreign representative of a decedent's estate, who is not prohibited by statute from exercising trust or representative functions in Florida, has sufficient title to, and may foreclose in this State, a Florida mortgage owned by a nonresident decedent at the time of his death, upon compliance with Section 5619 C. G. L., 3746 R. G. S., relating to and authorizing foreign executors to maintain actions in their representative capacity, in the several courts of this State, when the provisions of that section have been followed. Margarum v. J. S. Christie Orange Co., 37 Fla. 165, 19 Sou. Rep. 637. The present case is not analagous to the situation dealt with in Meyers v. Ferris, 91 Fla. 958, 109 Sou. Rep. 209. That case involved an attempt by Florida executors to recover for the conversion of tangible personal property physically located at the time of the conversion in a state beyond the jurisdiction wherein the domiciliary executors held their appointment, and is distinguishable on principle from the case at bar which is controlled by Section 5619 C. G. L.

Coexecutors, however numerous, are, in the eyes of the

law, but one person. Consequently the acts of one of them: in respect to the administration of the effects of an estate are deemed to be the acts of all. Whatever is done by the one within the scope of his duties is usually deemed binding on all. Sullivan v. McMillan, 26 Fla. 543, 8 Sou. Rep. 450.

It was therefore competent for Mrs. Anyon, as the sole qualified executor plaintiff, to attempt enforced collection of the mortgage debt through foreclosure proceedings, by prosecuting same in her name alone, when objection was raised in the court below that Empire Trust Company, a foreign trust company, was forbidden by Section 6145 C. G. L., Chapter 9287, Acts of 1933, to be a party to maintaining any suit in this State involving the exercise of its corporate functions as a nonresident corporate executor.

Other errors assigned have been argued in this case, but a careful review of the assignments made has convinced us that, under the circumstances appearing of record as applied to the language of the mortgage sued upon, the assignments of error challenging the recovery of costs, the decreed expenses and attorney's fees allowed by the Court below, are not well taken.

Affirmed.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.