MARK GAIS, HANNAH GAIS, JACOB MOSCOV, and RALPH SHUMAN, as Executors of the Last Will and Testament of Reuben Gais, deceased, v. E. HARRIS DREW, as Administrator *ad litem* of the Estate of A. A. Thompson, deceased, *et al.*

194 So. 325
Division B
Opinion Filed February 27, 1940
Rehearing Denied March 19, 1940

*C. D. Blackwell,* for Appellants;
*Jos. S. White* and *Kearley & Chapman,* for Appellees.

PER CURIAM.—Appeal from a final decree of the Circuit Court of Palm Beach County. Appellants are the executors of Reuben Gais, deceased, and one of them, Hannah Gais, was deceased's. wife.

In his lifetime, Reuben Gais, of New York, had been interested in Florida real estate, and was a stockholder in Gais Realty Corporation. At his death, Reuben Gais owned 226 of the 500 shares of capital stock of the corporation. After his death, Hannah Gais assumed the presidency of the corporation, receiving money in that capacity. The corporation was dissolved on December 1, 1936, pursuant to Chapter 16,880, Acts of 1935.

This suit was originally brought by a stockholder to liquidate the assets of the corporation so that the stockholders would receive their pro rata share. A receiver was appointed and time given within which to file claims. Appellants, the executors of the estate of Reuben Gais, filed claim for their pro rata share of the remaining assets. From a denial of the claim by final decree this appeal is taken.

The trial court found that Hannah Gais as executrix received $17,933.30 from the assets of the corporation, and $5,531.70 personally, for which there could be no decree inasmuch as she was not before the court in her personal capacity. The amount received by the executors, through Hannah Gais, was $2,500.36 more than they were entitled to, but the pleadings do not justify an order requiring the executors to refund that sum to be distributed among the stockholders. The decree denied participation by appellants in the assets, they having already received more than their pro rata share.

It is contended by appellants that inasmuch as the corporation is dissolved, the money to be received from the sale of the assets is a return of part of the corpus and as such should go to the residuary legatees under Reuben Gais'

will rather than to the widow, and therefore they should not be precluded from participation therein. Under the will Hannah Gais was to receive only the use and income of the residuary estate for and during her natural life. It is true that the portions to be distributed are parts of the corpus as distinguished from income of the corporation, but it is to be remembered that Hannah Gais received the money while acting in her capacity as executrix, and it is immaterial for the purposes of this case what disposition is to be made thereof by the executors. By receiving the money in the capacity of executrix, she has bound the remaining executors as fully as though they had all acted. Sullivan v. McMillan, 26 Fla. 543, 8 So. 450; Eastman Co., v. Anyon, 116 Fla. 137, 156 So. 302.

The decree being in accordance with substantial equity and jusitce, and no error appearing, the judgment of the circuit court is—

Affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.