HOWARD COLE & COMPANY, INC., et al. v. SALLIE WILLIAMS and ZIBE WILLIAMS, as Executrix and Executor of the Last Will and Testament of F. H. WILLIAMS, Deceased, and SALLIE WILLIAMS, individually, et al.

27 So. (2nd) 352                                          June Term, 1946
August 2, 1946                                                  En Banc
Rehearing denied September 17, 1946

852

*George J. Baya* and *Treadwell & Treadwell,* for petitioners.

*Mabry, Reaves, Carlton, Anderson & Fields,* for respondents.

BUFORD, J.:

On the 15th day of October, 1945, Respondents filed their bill of complaint in the Circuit Court of Highlands County, Florida, against Howard Cole & Company, Inc., and others seeking specific performance of an option to purchase certain real estate therein described, which option was contained in a lease contract.

Motions to dismiss the bill of complaint as amended were filed by the several defendants. All such motions were denied and overruled and thereupon the several defendants applied for certiorari under our Rule 34 to review the order denying the several motions to dismiss. Thus we are to determine the legal sufficiency of the bill of complaint. The allegations of the bill of complaint show the pertinent facts as hereinafter set forth as facts of the case.

The contract was executed between Howard Cole & Company Inc. and other parties, as parties of the First Part, and one Fitz Williams, Party of the Second Part. At the time the contract was executed there was a certain suit pending in the Circuit Court of Highlands County, Florida, between Howard Cole & Company, Inc. et al. v. Miami Bank and Trust Company involving the title to the said land and in which suit

George J. Baya had intervened seeking to impress a lien upon the land to satisfy a judgment, which he then held by assignment, against the predecessors in title of Howard Cole & Company, Inc. et al. The contract was executed on the 22nd day of April, 1938, and contained the following provisions pertinent here:

"That Whereas the Parties of the Frst Part claim to be owners in fee simple of the hereinafter described lands, and have instituted suit in the Circuit Court of the Tenth Judicial Circuit in and for Highlands County, Florida, to quiet title, same being Case No. 4918, styled Howard Cole & Company, Inc., et al. v. Miami Trust Company, a corporation, et al. and

"Whereas, final adjudication of the chancery cause aforesaid will determine whether or not the parties of the first part will be able to convey the land hereinafter described.

"Now, Therefore, the parties hereto, for and in consideration of One ($1.00) Dollar, each to the other in hand paid, the receipt whereof being hereby acknowledged, and for and in consideration of the covenants and agreements herein, mutually covenant and agree as follows, to-wit:—and also the following:

"2. Such lease to be in full force and effect from date hereof until final adjudication by court of competent jurisdiction of the chancery cause hereinbefore set forth by style and number, pending in Highlands County, Florida, which said final adjudication shall include ruling by Supreme Court of the State of Florida, on appeal, if appeal be taken therein, favorable decision by the Supreme Court of Florida and the expiration of time for petition for rehearing thereon (assuming favorable ruling on behalf of complainants in said cause.)

"3. The party of the second part covenants and agrees that in the event parties of the first part are unsuccessful in chancery cause aforesaid, to surrender up leased premises aforesaid within ninety (90) days after notice from parties of the first part and to remove all cattle from said lands promptly in compliance with said notice. The party of the second part to have the right to remove such fence as he shall place or erect on said land.

"4. The parties of the first part, for and in consideration of this contract and the covenants and agreements therein contained, and for and in consideration of the further sum of Ten ($10.00) Dollars to them in hand paid by the party of the second part do hereby give the said party of the second part, his heirs and assigns, the privilege of purchasing the hereinbefore described lands at and for the purchase consideration of One and 50/100 ($1.50) dollars per acre, or such portion of hereinbefore described lands as title to which shall be found marketable as hereinafter provided. Such option shall extend from date hereof until final adjudication of chancery cause aforesaid, as hereinbefore provided. Upon favorable final adjudication of said chancery cause the parties of the first part covenant and agree to deliver to party of the second part full and complete abstract of title showing such final adjudication, and the party of the second part is to be permitted a period of thirty (30) days after delivery of said abstract of title certified to such time within which to examine said title and exercise his option of purchase hereunder.

"5. The party of the second part, for himself, his heirs and assigns, covenants and agrees with the parties of the first part to purchase said lands at the price and on the terms and conditions hereinafter set forth, provided the parties of the first part are able to convey a marketable title to said lands within five (5) years from the date hereof. In the event the parties of the first part are not able to deliver a marketable title on or before five (5) years from the date hereof, the party of the second part shall not be obligated to purchase said lands, but the privilege hereunder given to the party of the second part to purchase said lands shall, at the option of the party of the second part, continue in full force and effect after such five (5) year period from year to year until parties of the first part are able to deliver a marketable title. The party of the second part shall notify parties of the first part of his election to extend option period by letter addressed to W. E. Donwody, of Arcadia, Florida, as Agent for parties of the first part. During such extension, at option of party of the second part, the terms of this contract shall be obligatory upon each of the parties hereto. If the parties of the first part

are unable to deliver a merchantable fee simple title to said lands as herein contracted for, through adverse ruling in chancery cause aforesaid, then this contract shall be at an end and the parties hereto relieved of all liability hereunder."

A final decree was entered by the Circuit Court of November 26, 1943, and filed for record on November 29, 1943. That decree was amended on the 26th day of January, 1944, and adjudicated title to the land involved to be in the plaintiffs Howard Cole & Company, Inc. and others, who were parties of the first part to the lease contract and option, but that such title was held as to 72% interest therein subject to the lien of the judgment held by George J. Baya dated January 30, 1929 in the principal sum of $20,904.24 together with $40.52 costs and $20,315.68 as interest and ordered the plaintiffs to pay to Baya the full amount of the judgment and costs together with 6% on the amount of the decree from date thereof and in default of such payment, ordered 72% of the said lands to be sold to satisfy the said judgment.

On January 27, 1944, the plaintiffs appealed from the said judgment and assigned errors and the intervenor, George J. Baya, filed cross assignments of error on that appeal. Both the plaintiffs and the intervenor filed directions to the Clerk for making up the record.

The appeal stood in status quo until the 30th day of April, 1945. when the plaintiffs and Baya finished composing their differences and entered into a stipulation whereby the issues become moot and whereby it was agreed that the appeal should be dismissed at the cost of the appellants.

On May 7th, 1945, appellant filed in this Court certified copy of the notice of appeal and a praecipe for the dismissal of the appeal. The appeal was dismissed by this Court by its Order on May 19th 1945.

Under the terms of the option agreement contained in the lease supra, Williams gave the notice required by paragraph 5 of the contract to be given on or before the anniversary date of the contract in 1943, April 22nd, 1943, being the end of the five (5) year term, and thereby continued the option to purchase in force for one year from April 22, 1943; and, on April 22, 1944, Williams gave notice to extend the option for an

additional year, to-wit: as stated in his letter, "one year beginning April 22, 1944, to April 22, 1945."

No notice was given by Williams or his legal representative of intention to extend the option for the year beginning April 22, 1945. Therefore, as we construe the contract, Williams and his successors failed to keep the option in force after April 22, 1945. Therefore, the option had expired when the agreement was reached between Baya and the plaintiffs whereby the appeal was dismissed.

On April 22, 1945, the appeal was still pending and, therefore, the conditions of Section 2, supra, of the contract had not been met so as to require the parties of the first part to that contract to furnish to Williams the abstract required in paragraph 4 of the contract.

Under the allegations of the bill of complaint it must be held that Mr. Williams took the lease and option contract with full knowledge of the suit then pending as hereinbefore stated. A purchaser or lessee pendente lite from one who is a party to an action which involves the property leased is bound by the judgment in the action to which his landlord is a party. Freeman on Judgments, 5th Ed., Vol. 1, Sec. 526, page 1130; Greenwald v. Graham, 101 Fla. 808, 130 So. 608; Tiffany on Landlord and Tenant Vol. 1, Sec. 72, 32 C. J. page 112, Sec. 752. This is also true because the lease and option contract refer particularly to the suit pending an enforcement of the contract by either party was made dependent upon the result of that suit as it should be determined by final adjudication "which said final adjudication should include ruling by the Supreme Court of the State of Florida on appeal, if appeal be taken therein, favorable decision by the Supreme Court of Florida and the expiration of time for petition for rehearing therein (assuming favorable ruling on behalf of complainants in said case)."

The complainant in the bill of complaint amongst other things alleged:

"Plaintiffs further aver that the bill of complaint in said cause No. 3928 was not contested or the averments thereof denied by the Miami Bank & Trust Company or by the said Smith as Liquidator, or by any original defendant named in

the said Bill; that the contest and only contest, arising in said litigation was upon the claims of the said George J. Baya as Intervenor. Plaintiffs also aver that there was another similar suit styled, Jettie E. Burroungs, et al., Plaintiffs, v. Miami Bank & Trust Company, et al., defendants, No. 3939, involving other lands lying north of State Highway No. 8 (the lands involved in this action and in said cause No. 3928 being south of said road) in which the said Baya intervened and made the same contentions made in said cause No. 3928. That the contest in said cause No. 3928 continued between the plaintiffs therein and the Intervenor from the time of said intervention, to-wit: in June, 1937 until November 26, 1943, when the Court handed down its Final Decree, copy of which is attached hereto, marked 'Exhibit No. 3' and made a part hereof."

These allegations show that the intervention by Baya was prior to the date of the lease and option contract and they also show that the only contest at that time in that suit was upon the question of whether or not Baya should be decreed a lien against the lands involved to satisfy the judgment which Baya was attempting to enforce in that suit. So it is clear by the wording of the contract and the allegations of plaintiff's bill of complaint in this suit that it was contemplated between the parties that that suit and all the material issues therein should be finally and completely disposed of before the parties of the first part would be required to "deliver to party of the second part full and complete abstract of title showing such final adjudication."

Under the terms of the contract here involved, if Williams wished to keep the option in force after the expiration of five years which occurred on April 22, 1923, he could have kept it in force by giving the notice required in the contract and thereby extended the option from year to year; but, failing to give that notice, the option expired on the last day to which it was extended by its own terms. The last date to which this option was extended was April 22, 1945. This is true because it is well settled that time is of the essence of an option contract whether or not it is so expressed, and the conditions of the option must be performed within the time limited by the option in order for the option to constitute a

contract of sale. See 66 C. J. 502, Sec. 27, 27 R. C. L. 343, Orlando Realty Board Building Corporation v. Hilpert, et al., 93 Fla. 954, 113 So. 100.

So it is that the bill of complaint not only shows that Williams' rights under the option had expired before he attempted to effectuate the purchase under the terms of the option but the same facts also show that by his failure to give the required notice and thereby extend the option he placed it beyond the power or privilege of the opposite parties to the contract to require him in a suit for specific performance to consummate the purchase of the lands as contemplated in the contract. In other words, he thereby destroyed the mutuality of remedies under the contract by the vendors named in the contract.

The principle of mutuality is involved as a prerequisite to the maintenance of a suit for specific performance. This means mutuality of remedy in equity at the time of the filing of the bill is required and does not mean mutuality in the terms of the contract when the contract was made. See Standard Lumber Co. v. Fla. Industrial Co., 106 Fla. 884, 141 So. 729; Yale Investment Co., v. Williams, 105 Fla. 414, 141 So. 308; Vance v. Roberts, 96 Fla. 379, 118 So. 205.

It appears quite certain from the terms of the contract and bill of complaint that if it had been advantageous for the party of the first part named in the contract to sell the property under the terms and conditions named in the option contract after April 22, 1945, they would have had no standing in a court of equity to coerce Williams to specifically perform the contract because Williams' obligation to perform his part of the contract expired by reason of his failure to give notice of the extension of the contract on or before April 22, 1945. See Bucholtz v. Kuckler, 117 Fla. 749, 158 So. 290; Calumet Company v. Oil City Corporation, 114 Fla. 531, 154 So. 141. We recognize the rule that the granting or withholding of a decree for specific performance rests largely in the discretion of the Chancellor but the right to exercise this judicial discretion does not extend to the power or authority to contravene the legal requirements which must exist to give a litigant grounds upon which he may invoke the remedy. See Williams

v. Neeld-Gordon Co. 86 Fla. 59, 97 So. 315; McCutcheon v. National Acceptance Corporation, 143 Fla. 663, 197 So. 475, 130 L.R.A. 915.

It must be observed that there is no forfeiture involved here. Forfeiture in short contemplates a loss of property or a right, vested in one, as a penalty for violating law or for a breach of contract. Here the contract had expired by its terms on April 22, 1945, so that there remained in neither party any rights or interests for the legal principles of forfeiture to operate upon. See 32 Am. Juris. page 284, Sec. 305, and cases there cited.

Other questions are presented which we have considered, but, as the case must be disposed of on the grounds stated, it is not necessary to discuss other matters.

Certiorari is granted under Rule 34; the Order of the Circuit Court is quashed with directions that the bill of complaint be dismissed, unless plaintiff applies for and is granted leave to amend.

It is so ordered.

BROWN, THOMAS and ADAMS, JJ., concur.

CHAPMAN, C. J., and SEBRING, JJ., dissent.

TERRELL, J., not participating.