**SALLIE WILLIAMS and ZIBE WILLIAMS, as Executrix and Executor etc., et al., v. HOWARD COLE & COMPANY, INC., a corporation, et al.**

31 So. (2nd) 914                             January Term, 1947
April 25, 1947                                      En Banc
Rehearing granted May 30, 1947
On rehearing August 1, 1947
Rehearing denied August 1, 1947.

*Mabry, Reaves, Carlton, Anderson, Fields & Ward,* and *J. Lewis Hall,* for appellants.

*Treadwell & Treadwell,* and *George J. Baya,* for appellees.

PER CURIAM:

This is the second appearance of this cause here on petition for certiorari. See Howard Cole & Company, Inc., et al. v. Williams, et al., 157 Fla. 851, 27 So. (2nd) 352.

The chronology of the matters pertinent to the present disposition is set out in an opinion by Mr. Justice BARNS, concurred in by Mr. Chief Justice THOMAS, which will be filed herewith.

The majority of the court cannot agree with the deductions stated and the conclusions reached in the Barns opinion.

We think that the bill of complaint as amended by the second proposed amendment will not be without equity and, therefore, that the requested leave to so amend should have been granted and an order entered requiring defendants to answer within a stated time and that thereafter testimony should be taken so that the court may fully determine the equities, rights and liabilities of the respective parties.

Certiorari is granted under Rule 34.

The order denying leave to file second amendment to the bill of complaint and dismissing the amended bill of complaint is quashed and the cause is remanded for further proceedings.

So ordered.

TERRELL, BUFORD, CHAPMAN and ADAMS, JJ., concur.

THOMAS, C. J., and BARNS, J., dissent.

BARNS, J., dissenting:

This is a suit wherein appellants, as plaintiffs, filed their bill of complaint against appellees, seeking specific performance of an option contract concerning real estate.

For purposes of brevity, Fitz Williams and his executors, Sallie Williams, Zibe Williams, and the heirs and devisees of

Fitz Williams, will hereinafter be referred to as "Williams;" Howard Cole & Company, Inc., will be referred to as "Cole & Company;" Jettie E. Burroughs, unmarried, Mona A Wand-rack, and M. J. Wandrack, her husband, will be referred to as "Burroughs, et al., and George J. Jaya and Mary Phillips Baya. will be referred to as "Baya;" and the New Jersey-Florida. Land Company will be referred to as "The Land Company."

Upon the issuance of the mandate in the former appeal,. (Howard Cole & Company v. Williams, 157 Fla. 851, 27 So. 2nd 352) plaintiffs petitioned the Chancellor for leave to amend paragraph 4 of the amended bill of complaint, which proposed amendment alleged, among other things, that the said Fitz Williams was not advised by the defendants in said case "3928," in negotiating the said contract of April 22, 1938, (lease-option contract), or otherwise, that Baya had inter-vened in said suit or was a party to said suit or that he had any right or claim against the land in question; and said. Williams had no knowledge thereof. The plaintiffs further sought leave to amend Paragraph 6 of said amended bill by striking out certain words and pleading. the notice of exten-sion as reflected by the letter dated January 16, 1945, herein-after quoted.

Upon the cause coming on the Chancellor, November 20, 1946, denied such petition of leave to amend and, on the same day and by the same order, the Chancellor dismissed plaintiffs' amended bill of complaint, at cost of plaintiffs, whereupon the plaintiffs, Williams, bring this their appeal and assign as error said order of November 20, 1946.

From the plaintiff's-Appellants' bill as amended, the fol-lowing facts appear:

"The Land Company" in 1924 conveyed the property in question to Miami Bank & Trust Company, as "trustee;" in due course "Cole & Company" and "Burroughs et al." succeeded. to the interest of "The Land Company" in the land, by reason of being stockholders of "The Land Company," which was. dissolved; "The Land Company" on or about May 19, 1926, became indebted to Pierce & Stevenson, upon which judgment. was obtained in Palm Beach County for some $20,000.00, on. February 2, 1929; and, in due course, by assignments, George.

J. Baya became owner of the Pierce & Stevenson judgment against "The Land Company."

In November, 1936, or prior thereto, "Cole & Company" and "Burroughs et al." brought suit in equity against the "trustee" to terminate the trust and quiet title against the trustee. This suit will hereinafter be referred to as "Case 3928," wherein he filed his answer, and sought to have his judgment decreed to be a first lien on the interest of "Cole & Company" in the land involved.

On November 26, 1943, the Chancellor entered a final decree in "Case 3928," wherein it was decreed that Baya's judgment was a superior lien on the interest of "Cole & Company" therein, an undivided 72% interest. He also decreed that the interest of "Burroughs et al." was 28%.

Under date of April 22, 1938, after the commencement of "Case 3928" and after filing of a lis pendens notice, and after Baya had intervened as a party defendant, Fitz Williams procured a lease and option agreement from "Cole & Company" and "Burroughs et al." covering the lands, which. was recorded on October 2, 1942. The pertinent portions are such as are quoted in the decision in the prior appeal of this case (Howard Cole & Company, et al. v. Williams, et al., supra), and also the following:

The term of the lease was to commence on the date thereof and was to run

"2. . . . until final adjudication by Court of Competent jurisdiction of the chancery cause hereinbefore set forth by style and number, pending in Highlands County, Florida, which said final adjudication shall include ruling by Supreme Court of the State of Florida, on appeal, if appeal be taken therein, favorable decision by the Supreme Court of Florida and the expiration of time for petition for rehearing thereon (assuming favorable ruling on behalf of complainants in said cause)."

Further provisions of the lease-option contract were:

"4. . . . Such option shall extend from date hereof until final adjudication of chancery cause aforesaid, as hereinbefore provided . . .

"5. . . . In the event the parties of the first part are not able to deliver a marketable title on or before five (5) years from the date hereof, the party of the second part shall not be obligated to purchase said lands, but the privilege hereunder given to the party of the second part to purchase said lands shall, at the option of the party of the second part, continue in full force and effect after such five (5) years period from year to year until parties of first part are able to deliver a marketable title. The party of the second part shall notify parties of the first part of his election to extend option period by letter addressed to W. E. Dunwody, of Arcadia, Florida, as agent for parties of the first part. During such extension, at option of party of the second part, the terms of this contract shall be obligatory upon each of the parties hereto. If the parties of the first part are unable to deliver a merchantable fee simple title to said lands as herein contracted for, through adverse ruling in chancery cause aforesaid, then this contract shall be at an end and the parties hereto relieved of all liability hereunder."

"8. The party of the second part, on his part covenants and agrees, in the event parties of the first part are not successful in chancery cause aforesaid, or the hereinbefore described property is found unmerchantable, as herein specified, that he will forthwith and immediately deliver to parties of the first part abstract of title delivered to him or his attorney, for examination, and will promptly surrender up this lease and option for cancellation."

On January 27, 1944, "Cole & Company" appealed the final decree in "Case 3928" of November 26, 1943, as amended, and Baya, as well as the appellants, filed assignments of error. This appeal pended until April 30, 1945, when the parties entered into a stipulation for settlement of their controversy, wherein "Baya," "Cole & Company" and "Burroughs et al." agreed to dismiss the appeal and, among other things, it was agreed:

"3"

"That simultaneously with the dismissal of the appeals pending in the Supreme Court of Florida, mentioned in the first and second paragraphs of this stipulation, the Intervenor,

George J. Baya, shall execute and deliver unto E. D. Treadwell, Jr., of the firm of Treadwell & Treadwell, attorneys at Arcadia, Florida, a satisfaction of that certain final decree dated the 26th day of November, A. D. 1943, entered in Cause No. 3928 in the Circuit Court in and for Highlands County, Florida, and recorded in Book 25, at Page 571 thereof, as modified and amended by that certain order of said court dated January 25, 1944, and recorded in Chancery Order Book 26, at page 118 of the public records of Highlands County, Florida, insofar as said final decree and order amending the same enters a personal money judgment against Howard Cole & Company, Inc., Howard Cole, individually, New Jersey-Florida Land Company or T. T. Reese, and insofar as said decree imposes any duties upon or fixes any claim against Lake Stearns Development, Inc., on Jettie E. Burroughs and Mona A. Wandrack, joined by her husband, M. J. Wandrack, and it shall be provided in said release or satisfaction that the Intervenor does thereby disclaim any interest in the subject matter of Cause No. 3929, wherein Jettie E. Burroughs, Mona A. Wandrack, joined by her husband, M. J. Wandrack, are plaintiffs, and Miami Bank & Trust Company, et al., are defendants."

"5"

"That the receiver herein is hereby authorized and directed, upon the dismissal of the appeals in the Supreme Court heretofore described, to execute and deliver unto the said George J. Baya and his wife, Mary Phillips Baya, and Jettie E. Burroughs, Mona A. Wandrack and M. J. Wandrack, her husband, a deed of conveyance conveying the lands entrusted to him, as receiver herein, and assigning thereunder all personal property evidenced by that certain trust deed dated December 10, 1924, recorded in Deed Book 2, at page 597 to 600 of the public records of Glades County, Florida, and recorded also in Deed Book 7, at page 544, of the public records of Highlands County, Florida, in the public percentage, to-wit: 72% to George J. Baya and Mary Phillips Baya, his wife, and 28% to Jettie E. Burroughs and Mona A. Wandrack and M. J. Wandrack, her husband, whereupon said receiver shall be discharged."

"Cole & Company" and "The Land Company" gave Baya their deeds to the land, and Baya satisfied his then $40,000.00 judgment.

It appears that Fitz Williams for several years gave notice of his election to extend option period prior to and including the year ending April 22, 1945.

Fitz Williams died in December, 1944, and Zibe (Z. K.) Williams and Sallie Williams qualified as executors and, in January, 1945, the following letter was written:

"January 16, 1945

"Mr. W. E. Dunwody, Agent,
  Howard Cole & Company, Inc.,
  Arcadia, Florida.
"Dear Sir:

"Since the death of my father, Fitz Williams, in December, 1944, I have been going over a number of his papers and I do not find a copy of the notice of his election to extend option period on certain lands in litigation in Highlands County, and I wonder if in his ill health he had neglected to do so.

"If such is the case and no notice was sent you, this will be your authority to extend the option as per agreement identified in File No. 7873 agreement dated April 22, 1938.

"Also request that you be good enough to inform me as to the present status of the suit of this property.

"Thanking you and with best regards, I remain

"Very truly,
    (s) Z. K. Williams
    Z. K. WILLIAMS, Executor,
    Estate of Fitz Williams, Dec.

According to plaintiffs' pleadings, the relative status of the parties is as follows:

(1) Williams had notice of the suit (Case 3928) and his rights were expressly made conditional upon the successful termination of the suit in favor of "Cole & Company," and Burroughs et al.," from whom Williams claimed as lessee and optionee.

Headnote 2, in Howard Cole & Company, Inc., et al., v. Williams, et al., (supra) reads as follows:

"Lessee under lease contract containing option to purchase was bound by the judgment in an action to which his lessor was a party, especially where the lease and option contract referred particularly to the suit pending and enforcement of option contract was made dependent on the result of that suit." 157 Fla. 851, 27 So. 2nd 352.

(2) The suit (Case 3928) did not terminate successfully to the extent that "Cole & Company" and "Burroughs et al." could convey a marketable title, because of Baya's prior adjudicated lien of over $40,000.00, and Baya's claim had been asserted in the suit when the lease and option contract were made.

(3) After an adverse decree in the Circuit Court in Case 3928, the parties appealed, but the appeal was dismissed. The lease-option contract makes reference to an appeal but it does *not* appear that the lessors covenanted or promised the lessee to appeal. The reference to appeal had reference to the *term* of the lease if an apeal be taken.

(4) The Case 3928, having terminated unsuccessfully as to "Cole & Company" and "Burroughs et al.," the parties had a right to settle and compromise their controversy under the circumstances, even with knowledge of Williams' lease and option contract.

(5) Even if Baya took title to the property with constructive notice of Williams' rights, such rights appear to be those of lessee, and the Williams' promise to surrender without the right to purchase, inasmuch as Williams' option to buy was dependent upon the lessors being successful in Case 3928, which were not.

Such being our conclusion, we see no need of passing on the effect of the letter of January 16, 1946, or the recital in the will. However, we quote the following:

"If several executors are named in a will, one or more qualifying shall be entitled to execute all the powers and trusts confided to all in the will, unless specially prohibited by the will; if more than one qualify, all must join in discharging the functions of executor, unless the county judge shall give special authority to one or more of such executors to discharge such functions. Each executor shall be responsible for

his own acts only, unless by his own act or gross negligence he has enabled or permitted his co-executor to waste the estate. The foregoing shall likewise apply to joint administrators." Sec. 732.50, F.S.A. 1941.

The plaintiffs might have been allowed to amend their bill, but the proposed amendment was to the effect that Williams did not know on April 22, 1938, that Baya was a party to such suit and had been a party since June, 1937, when in fact his lease-option contract made specific reference to this very same suit, and the option was contingent upon "Cole & Company" being successful therein; in fact, according to plaintiffs' pleadings, "Cole & Company" were unsuccessful and Baya was successful. Under the circumstances, Williams was charged with imputed knowledge of the subject matter of his lease-option contract, and his own pleadings and proposed amendments show that he has no equitable rights.

Treating plaintiff's motion to amend, as presented to the Chancellor on November 20, 1946, the plaintiff's position would be as above set forth. Under these circumstances, the Chancellor found the bill to be without equity and granted Baya's motion to dismiss it. If the Chancellor is to be found in error, I think it proper to point out wherein he has erred and the fallacy of his ruling. I fail to find it.

THOMAS, C. J., concurs.

ON REHEARING

PARKS, Associate Justice:

The relevant provisions of the contract of April 22, 1938, which concern us on this rehearing are set forth in extenso in the opinion in the first appearance of the case in this Court, reported Howard Cole & Co., Inc., et al., v. Williams, et al., 27 So. (2) 352, and I will not re-write them here. The Court held that the bill was bad on the grounds: (1) F. H. Williams became a lessee pendente lite and, under that doctrine, was charged with full knowledge of the rights and interests of the litigants (including Baya) in this suit in the lower court; (2) under the terms of the contract referring to this suit in the lower court by style "Howard Cole & Co., et al., v. Miami Trust Co., a corporation, et al.," he became a lessee,

with knowledge of the rights and interests of the litigants (including Baya); (3) because of this knowledge, he was bound by the judgment in the case; (4) under the terms of the contract William's unqualified obligation to accept and pay for the land expired on April 22, 1943, and, after that date, to keep the option provisions of the contract in force, he had to give written notice annually on or before April 22 to extend it from year to year; time is the essence of the option feature of the contract and its conditions must be performed within the time limit in order for it to ripen into a contract for purchase and sale; he failed to give notice extending the contract beyond April 22, 1945, the option expired, and vendor parties lost the correlative right to require him in a suit for specific performance to consummate the purchase of the land, for there was no mutuality of remedy; (5) enforcement of the contract could not be required until termination of litigation and, whether it be considered that litigants' settlement of their differences on April 30, 1945, or dismissal of appeal May 19 following was such "termination," both dates came too late; (6) finally, the contract, by its own terms, expired April 22, 1945, for lack of written notice, and no rights, interests of obligation remain in either party.

I am in accord with the decision which I think correctly applied long settled principles of law to the factual situation reflected in the bill.

To obviate the difficulties of this decision, the executors offered to allege extension of the contract by written notice, and petitioned the court for leave to amend their bill to charge that Z.K. (Zibe) Williams, at the direction of his coexecutor, Sallie, on the 16th day of January, 1945, wrote Dunwody in the following words and figures:

"January 16, 1945

"Mr. W. E. Dunwody, Agent,
Howard Cole & Company, Inc.,
Arcadia, Florida

"Dear Sir:

"Since the death of my father Fitz Williams, in December 1944, I have been going over a number of his papers and

I do not find a copy of the notice of his election to extend option period on certain lands in litigation in Highlands County, and I wonder if in his ill health he had neglected to do so.

"If such is the case and no notice was sent you, this will be your authority to extend the option as per agreement identified in file No. 7873 agreement date April 22, 1938.

"Also request that you be good enough to inform me as to the present status of the suit on this property.

"Thanking you and with best regards, I remain

"Very truly,

(s) Z. K. Williams

Z. K. Williams, Executor

Estate of Fitz Williams, Dec."

To which Dunwody on the next day replied:

"Mr. Z. K. Williams,
 Okeechobee, Florida

"Dear Mr. Williams:

"I have not been acting as Agent for Howard Cole & Company, Inc., for several months. However, I do know that the Circuit Court held that whatever interest Mr. Cole had—or Howard Cole & Company, Inc. had was subject to the judgment held by Mr. Baya. This judgment was far in excess of the value of the land and it looks as tho whatever equity Mr. Cole had has been wiped out.

"All the papers I had in connection with the contract with your father were turned over to Treadwell & Treadwell. However I am of the opinion that Mr. Haskins took care of your father's interests in giving notice of his election to extend the option period.

"With sincere regards and assuring you of my desire to be of service to you.

Very truly,

W. E. Dunwody."

Also, to avoid the effect of the knowledge charged to Williams by the decision, they offered to amend and allege that he had no actual knowledge that defendant, Baya, had in-

tervened or was a party to the suit or that any claims were made in the cause by him or in his behalf. Upon objection of the defendants, the court denied leave to file the proposed amendments, apparently upon the theory that they did not cure the defidiencies of the bill, and dismissed it with prejudice. The appeal is from that decree.

They contend that the amendments should have been allowed. They say that Zibe's letter of January 16, written at the direction of Sallie, effectively extended the option to April 22, 1946, because "coexcutors are deemed one person, and acts of one in respect to administration are deemed acts of all," relying upon Sullivan v. McMillan, 26 Fla. 543, 8 So. 450; Eastman Co. v. Anyon, 116 Fla. 137, 156 So. 302; Drew v. Gais, 115 A.L.R. 386, 24 C.J. 1183. But this statement of the rule omits the limitation that such act of one must be within the scope of his duty as executor, or, as otherwise expressed, the act must have been one in the discharge of the usual functions of an executor.

This qualification of the rule is declared in the language of the opinions cited, or, where not so declared, the controversial act involved in the case is clearly within the scope of the duties of an executor, which are generally to collect the effects of the decedent, to pay claims against his estate, and to distribute the residue to those entitled thereto. Glidden v. Getulius, 96 Fla. 834, 119 So. 140. The Probate Law did not apply to the Eastman and Drew cases, although they were decided some years after its adoption. The rule did not enlarge the general authority of executors.

The letter, if effectual as an extension, renewed the option contract. Without it all contractual relations between the parties expired April 25, 1945, at least five days before specific performance could be required of defendants. If validly renewed, the option contract, including the potential obligation of testator to purchase and pay for the land was extended one year beyond the expiration of the last contract made by him. The option contract they say has ripened into a contract of purchase and sale, and seek its enforcement. In asking enforcement they would have the Court approve a new obligation, wholly executory, against the estate, not created by

their testator in his lifetime, but by themselves, and, if by specific performance we grant the request, we authorize them to pay from the funds of the estate the purchase price required by the contract.

As long ago as May v. May, 7 Fla. 207, 68 Am. Dec. 431, it was held that an executor had no authority to make a new contract to charge the estate of the decedent, and this rule was reiterated by this Court in Evans v. Tucker, 101 Fla. 688, 135 So. 305. I have found no statute or case in this Court announcing a contrary rule, in a case of this kind under consideration. To like effect, in 11 R.C.L., Section 176, the general rule regarding contracts of executors and administrators is stated thus:

"An executor or administrator has no power to bind the estate of which he is the representative by his individual contracts nor can he impose any liability on the assets of the estate through such contracts. This is true notwithstanding the fact that such contracts are for the benefit of the estate; and it is immaterial how clearly the intent to bind the estate may be expressed. The contracts of an executor or administrator cannot be regarded as in any sense the contracts of the decedent. The principle is that an executor may disburse and use the funds of the estate for purposes authorized by law, but may not bind the estate by an executory contract, and thus create a liability not founded upon a contract or obligation of the testator. . . . "

Section 732.50 of the Florida Probate Law, F.S. (Chapter No. 16103, Laws of 1933, and subsequent amendatory acts) provides:

"If several executors are named in a will, one or more qualifying shall be entitled to execute all the powers and trust confided to all in the will, unless specifically prohibited by the will; if more than one qualify, all must join in discharging the functions of executor, unless the county judge shall give special authority to one or more of such executors to discharge such functions. Each executor shall be responsible for his own acts only, unless by his own act or gross negligence he has enabled or permitted his coexecutor to

waste the estate. The foregoing shall likewise apply to joint administrators."

Assuming that the executors, under Section 732.50, had authority to extend in writing the option contract, the statute required the execution of the extension by both executors in the absence of authorization by the county judge for one to act and sign for both. For equally cogent reasons, whether under the old law or under the Probate Law, the executors had no authority to renew their testator's option contract for the purchase of real estate, neither did they have the authority to make such contract.

The law of this State prior to the Florida Probate Law never, so far as I can find, permitted executors to obligate estates for the purchase of real estate. The Probate Law deals with the authority of personal representatives with respect to the interests of decedents in real estate in many different phases, all negativing the motion that an executor is authorized to obligate the estate for the purchase of realty or create any new obligation to that of the deceased except with approval of the County Judge, under very restrictive circumstances, referred to in Section 733.39 F.S.A. There is no mutuality of obligation or remedy.

Parties in their brief do not agree that the contents of Zibe's letter meet the requirement of an extension agreement. I have assumed, without deciding, that it was sufficient. The offer of the defense that Williams had no actual knowledge was unavailing, in view of the knowledge imputed to him by the contract and the doctrine of pendente lite.

I think the Chancellor's decree dismissing the bill with prejudice should be affirmed.

A majority of the Court concurring it is ordered that the decree dismissing the bill be affirmed.

THOMAS, C. J., TERRELL and BARNS, JJ., concur.

BUFORD, CHAPMAN and ADAMS, JJ., dissent.