PER CURIAM.
The appellant is a beneficiary of a residuary trust created by the will of Carlyle Feldmann, who died in 1959. The testator’s will created two trusts. One was a general legacy to the trustees with provision for payment of the income therefrom to his widow (Irene Feldmann) for life.[1] The other, the residuary trust under which the appellant claims, directed payment of $100 per month to the testator’s brother Roy R. Feldmann, during his lifetime, and that the balance of the net income be paid quarterly to the appellant.
On December 13, 1965, the appellant sued in the circuit court for declaratory decree to determine whether, under the will, the income which accrued during the prolonged period of “administration” of the estate should go to the widow or should become a part of the residuary trust. Provisions of the will as to the property to be included in the first trust had delayed the final determination of the assets thereof.
By a judgment dated December 14, 1967, as amended on rehearing by an order dated July 8, 1968, the circuit court held that the right of the widow as beneficiary of the first trust to receive the interest therefrom “immediately vests so that any income from trust assets begins upon testator’s death, although the specific assets are of necessity not determined until later.” Appellant filed separate appeals therefrom.
*715 In so holding the trial court was eminently correct. The widow’s right to receive the income was conferred by the will. The fact that the amount of the income from the trust property for those intervening years could not be determined at the time was no reason to deprive the widow of the income she was entitled to receive for such period when the amount later is determined. The decision of the trial court conforms to the provisions of § 733.01 Fla.Stat., F.S.A. applicable in such circumstances.
Affirmed.

. “(a) My Trustee shall hold, invest and reinvest said trust funds and shall pay the entire net income thereof quarterly, or at more frequent intervals, to my wife, Irene Feldman, for and during her natural life. The net income shall be deemed to mean all income derived from the entire principal of said trust as determined under the provisions of the United States Internal Revenue Code in force at the time of my death.”