PEARSON, Judge.
The appellant, Sonia Feldmann Risolia, is the daughter of the deceased Carlyle Feldmann.[1] She brings this appeal from an order of the county judge’s court overruling her objections to an annual accounting of the First National Bank of Miami as executor of Carlyle Feldmann’s estate.[2]
*716 Carlyle Feldmann’s will was admitted to probate on December 29, 1959. The will created a marital deduction trust in favor of the testator’s widow and a residuary trust for the appellant. It named the First National Bank of Miami, the appellee, as executor of the estate and as trustee of both trusts. On May 4, 1965, the bank as executor filed an accounting for the period December 17, 1959, to December 31, 1964. This accounting showed that as of December 31, 1964, the principal property remaining on hand was $210,792.54, and the undistributed income on hand was $77,383.25. The income figure included a debt of $71,564.35 shown as due from the principal account for advances. No objection was raised to the accounting, and it was approved. The executor’s accounting for the calendar year 1966 (filed on May 3, 1967) showed the principal on hand was $189,-919.81 and undistributed income on hand was $104,709.83, including $83,279.60 due from the principal account for advances. It should be noted that in each of these ac-countings the bank showed a major portion of the income had been borrowed to pay debts charged against the principal.
On May 16, 1968, the accounting which is the subject of this appeal was filed. It showed that as of December 29, 1967, the principal on hand was $227,753.13, and the undistributed income on hand was $65,975.-72. It also shows that in arriving at the foregoing income figure the executor reallocated $48,046.68 from income to “Reimburse the Principal Account for administration expenses temporarily charged to Principal Account but allocable to income of residue pursuant to Sec. 734.05 and/or 734.06 Florida Statutes.” It is not disputed that this reallocation diminished the amount which would have gone into the residuary fund.
Appellant’s first point presents the question: “Can an executor whose accountings have been submitted and approved change those accountings at will to effectuate a distribution it thinks desirable ?” As phrased this question would obviously have to be answered in the negative. Here the appellee executor justifies the change by a statement that it was made necessary by a construction of the will in the circuit court. This construction was upon a complaint for declaratory relief brought by the appellant. One of the findings of the circuit court was that the marital deduction trust was a general legacy leaving^ appellant’s trust as the only residuary legacy.
The question properly phrased thus becomes: Does an executor have the right, with the approval of the probate court, to change an accounting by charging administration expenses to a trust which is a residuary legacy after it had previously charged those expenses to a trust which is a general legacy? The county judge’s court approved the change. The court’s order is supported by §§ 734.05 and 734.06, Fla.Stat., F.S.A., which provide that administration expenses are properly charged against the residuary portion of an estate.[3] *717 We therefore hold that the rephrased question should be answered in the affirmative. See Ballantine v. Tomlinson, 293 F.2d 311, 314 (5th Cir.1961).
Appellant’s second point urges that the bank as executor has acted improperly in making the reallocation because the reallocation was an act of a trustee against the interest of its beneficiary. Since the bank is not only the executor of the estate but is also the trustee of the re-sidiary trust and of the marital deduction trust, its duty as executor is simply to act without favor to either of the trusts. An executor must always act in the best interest of the entire estate he administers and the ultimate beneficiaries thereof. See Glidden v. Gutelius, 96 Fla. 834, 119 So. 140, 143, 120 So. 1 (1928); Williams v. Howard Cole & Co., 159 Fla. 151, 31 So.2d 914, 920 (1947); In re Wilson’s Estate, Fla.App.1959, 116 So.2d 440, 443; Campbell v. Owen, Fla.App.1961, 132 So.2d 212. We find that appellant’s second point does not present reversible error.
■ Appellant’s third point on appeal urges that it was error to deny her a “bill of discovery” in order to examine the handling of the estate. See Gill v. Smith, 117 Fla. 176, 157 So. 657 (1934). Under Rule 5.-080, Florida Rules of Probate and Guardianship Procedure, eleven of the Florida Rules of Civil Procedure related to discovery are applicable to proceedings in probate courts. This record does not reveal an attempt by the appellant to obtain discovery or a denial by the court of any such attempt. The only reference to discovery in the record comes at the end of the objections to the accounting where the appellant prays the court to “grant to her such discovery as is necessary to aid her in the premises”. We conclude that under this state of the pleadings no error has been shown by appellant’s third point.
The final order appealed is affirmed.

. We have previously had before us another aspect of this controversy. See Risolia v. First National Bank, Fla.App. 1969, 224 So.2d 714 (1969).

. “THIS CAUSE CAME ON to be heard before me upon the ‘Objections to Accounting and Petition for Discovery, Accounting, Removal of the Executor and other relief’ filed by Sonia Feldman (sic) Risolia, and the Court having considered and duly noted the sworn response filed by The First National Bank of Miami, Executor of this Estate, having heard testimony, having reviewed the Court file, and being otherwise fully advised in the premises it is thereupon,
*716 “ORDERED AND ADJUDGED as follows :
1. That the relief sought by SONIA FELDMAN (sic) RISOLIA in her pleading as described hereinbefore is denied and her objections to the accounting of the Executor for the period from January 1, 1967, to December 29, 1967, are overruled.”

. “734.05 Order in which assets are appropriated
(1) If a testator makes provision by his will or designates the funds or property to be used for the payment of debts, estate and inheritance taxes, family allow-anee, charges and expenses of administration and legacies, the same shall be paid out of the funds, or from the property or proceeds thereof, as provided or designated by the will so far as sufficient. If no provision is made nor any fund designated, or if it is insufficient, the property of the estate shall be used for such purposes (except as otherwise provided in § 734.041 with respect to estate, inheritance and other death taxes) and to raise the shares of pretermitted spouse and children in the following order:
(a) Property not disposed of by the will.
(b) Property devised or bequeathed to the residuary legatee or legatees.
*717 (c) Property not specifically [or demonstratively] bequeathed or devised.
(d) Property specifically [or demonstratively] bequeathed or devised.
(2) No priority shall exist as between real and personal property.”
“734.06 Abatement and contribution Whenever the assets of a testate estate are insufficient for the full payment of debts, estate and inheritance taxes, family allowance, charges and expenses of administration, devises and legacies and when the will directs or discloses an intention as to the order of abatement, effect shall be given to such directions or intentions. Unless such directions are given or such intention appears, residuary legacies and devises shall first abate; general legacies and devises shall next abate, and specific and demonstrative legacies and devises shall abate last. Demonstrative legacies shall be classed as general legacies, upon the failure or insufficiency of fund or property out of which payment should be made, to the extent of such insufficiency. Legacies or devises to the decedent’s widow given in statisfaction of or in lieu of her dower or statutory rights in the estate shall not abate until other legacies and devises of the same class are exhausted. Legacies and devises given for a valuable consideration shall abate with other legacies of the same class only to the extent of the excess thereof over the amount of value of the consideration until all others of the same class are exhausted. Except as herein provided, legacies and devises shall abate equally and ratably and without preference or priority as between real and personal property. When property, real or personal, which has been specifically devised or bequeathed or charged with a legacy is sold or taken by the personal representative, other legatees or devisees shall contribute according to their respective interests to the legatee or devisee whose legacy or devise has been sold or taken, and the county judge shall, before distribution, determine the amounts of the respective contributions, and the same shall be paid or withheld before distribution is made.”