PEARSON, Judge.
This is the appeal of Sonia Feldmann Risolia, the daughter of Carlyle Feldmann, deceased, from an order entered in the County Judges’ Court denying her motion for the appointment of an appraiser and overruling her objections to final accounting. The order appealed from is final since it determines the issues presented and settles them entirely for the purposes of the cause. The estate of the appellant’s father is represented by the First National Bank of Miami as executor[1].
Appellant has presented two points on appeal. The first urges that the trial judge erred in approving the final accounting because the appellant as a general legatee was entitled to that portion of the income on hand which the appraised value of the legacy bore to the appraised value of the probated estate. That portion of the order appealed which deals with the distribution of income is as follows.
*289 “That the Executor is authorized and directed to distribute to The First National Bank of Miami, as Trustee Under the Will of Carlyle Feldmann, Deceased, for the marital trust the entire amount of undistributed income remaining- on hand as of December 31, 1970, per the ‘Second Supplemental Final Accounting’ in the sum of $124,829.39. The Court makes this determination in accordance with the schedule affixed to ‘Second Supplemental Final Accounting’ which is entitled ‘Apportionment of Assets and Disbursements.’ Since the share of net income earned by the estate during administration which was apportioned to the residuary estate under Section 733.-01(2) (b) of the Florida Statutes [F.S. A.] and the principal remaining on hand after satisfying the bequest to the marital trust were insufficient for the full payment of debts, taxes, expenses and charges of administration as required by the Last Will and Testament of the deceased, the residuary estate has abated pursuant to Florida Statute Section 734.-06, and therefore there remains on hand no assets to be distributed by the Executor to the residuary estate.”
Appellant says that F.S. § 733.01(2) (b), F.S.A. set out below, provides a method of apportioning income to a general legatee.
“F.S. § 733.01(2) (b)
“(2) The net income earned by the assets of the estate after the death of the testator, and prior to the distribution of the estate, and not used for the purposes set forth in subsection (1) above shall in the absence of specific provision in the will to the contrary be paid and applied as follows:
“(b) To general legatees, legal interest on their respective legacies from the time fixed by the county judge in an order of distribution for the payment thereof, or if no date is fixed by the county judge, from and after thirty days from the entry of such order of distribution except that where the general legacy provides that the net income therefrom shall be paid to or for the benefit of or accumulated for one or more beneficiaries, then such general legatee or legatees shall be entitled to that proportion of the net income which the general lagacy at appraised value bears to the appraised value of the entire probate estate, excluding specific and demonstrative legacies and devises, provided, however, that the appraised value shall be the court appraisal unless a United States estate tax return is required to be filed, in which event the appraised value shall be the value finally determined for such tax purposes.”
The appellee says that the accounting shows that the only income on hand for distribution after the payment of estate taxes, debts and administrative expenses is that belonging to the marital trust. It is thus urged that the principal of the residuary has abated and the portion of the estate income which would be assignable to the residuary bequest has been consumed in payment of taxes, debts and administrative expenses and that therefore because the residuary has been abated pursuant to F.S. §§ 734.05 and 734.06, F.S.A., that the requirement of apportionment set forth in F.S. § 733.01(2) (b), F.S.A., is not applicable.
The supplemental final accounting of the executor reflects total probate assets of $342,052.19, apportioned $227,753.13 to the marital trust and $114,299.06 to the residue. Appellant does not challenge these amounts. That accounting further reflects that net income of $184,888.29 has been apportioned $123,106.61 to the marital trust and $61,-781.68 to the residuary — or in the proportions that their respective shares of principal bear to each other. Estate taxes of $27,271.03, funeral expenses of $2",532.96, debts of $85,350.86 and fees and incidental expenses of $70,941.59 (totalling $186,096.-44) were charged against the residuary principal and income ($176,103.80) until it abated, and the remaining amount of $9,-992.64 was then charged against the marital *290 trust — in accordance with the prior opinions of this court and the lower courts and F.S. §§ 734.05 and 734.06, F.S.A.
We hold that the order appealed directs distribution of the income in accordance with the applicable statutes and the directions of this court in Risolia v. First National Bank of Miami, Fla.App.1969, 224 So.2d 714 and In Re Estate of Feldmann, Fla.App.1969, 224 So.2d 715.
Appellant’s second point urges error upon the denial of her motion for appointment of an appraiser. This motion set forth that the will provides that there was a general bequest to a marital deduction trust which amounted to $227,753.13; that all the rest and residue passed to the mov-ant under a residual trust under the residual bequest contained in the will; that the principal asset of the estate is an interest in a land trust administered by the Cosmopolitan National Bank of Chicago. It is then alleged that the property in question is improved by a shopping center and that the property was appraised in 1960 at $271,-170.00. It is further urged that the value in 1960 as shown by the appraiser may have been realistic in 1960 but that the actual value of the land trust has greatly increased since that time. Appellant urges that under King v. Citizens & Southern Nat. Bank of Atlanta, Ga., Fla.App.1960, 119 So.2d 67, she is entitled to a distribution based upon the value of the property at the time of the distribution. As above stated the court denied appellant’s motion for the appointment of an appraiser. We find no error in this ruling. Without departing from the holding in King v. Citizens & Southern National Bank, supra, we point out that the general rule as stated in that opinion by quoting Casner, Estate Planning 648 (2d ed. 1956) is as follows:
“When the executor is authorized to satisfy a pecuniary legacy by a distribution in kind, the property so distributed is valued for this purpose in the absence of any contrary provision in the will at its value at the time of distribution.” (Emphasis supplied)
In the instant case the decedent’s will has such a contrary provision. Paragraph third which sets forth' the provisions governing the marital trust gift, provides in pertinent part:
“ . . .1 give, devise and bequeath to my Trustee ... an amount in money or property to be selected by my Executor . . . and . . . such values of property . . . shall be the value thereof as finally determined for Federal estate tax purposes.” (Emphasis supplied)
The order appealed authorizes distribution of estate assets in satisfaction of the marital trust at the value of such assets as finally determined for Federal Estate Tax purposes. We therefore conclude that error has not been demonstrated under appellant’s second point. Accordingly, the order appealed is affirmed.
Affirmed.

. Two previous appeals between the same parties relating to the administration of this estate appear as Risolia v. First National Bank of Miami, Fla.App.1969, 224 So.2d 714 and In Re Estate of Feldmann, Fla.App.1969, 224 So.2d 715. In eacli case the Supreme Court of Florida denied review by certiorari.