Green, J.
delivered the opinion of the court.
That the assignment of complainant’s portion of his father’s estate, exhibited with the bill, is to be treated and considered as a mortgage, is not seriously questioned; and if it were, the court is of opinion there is abundant evidence in this record to give it that character.— The indorsement made on the deed by Hudson, that Goodwin was to have the property upon the payment of the $400; the credit for $100, which is admitted to be genuine, and which specifies said payment as part of the money advanced by Hudson, in consequence of Goodwin’s part of his father’s estate; and the concurrent testimony of many witnesses, that both parties always considered and treated the assignment as a mortgage; all taken together, remove all doubt as to its true character. The next question is, whether the money advanced' to him has been repaid, so as to entitle the complainant *126 to a decree. Several witnesses say that they heard Hudson, in Ms lifetime, say, that Goodwin had paid him up, or nearly so, and that he wished he had his papers. Mrs. Hudson, the widow and administrator of Hudson, often declared that Goodwin had paid up the money advanced to him for the property. Mrs. Goodwin, the mother of complainant, proves that the note from Hudson for $¡232 25, was left with her for safe keeping; that she then lived with" Cuthbert Hudson; that when complainant applied to her for the note she could not find it, and did know how it was lost, and that it was afterwards found among the papers of Cuthbert Hudson, by the administrator. The payment of $¡100, and $¡10, is admitted in the answer,’and the concurring testimony of so many witnesses testifying that Hudson before Ms death, and his administrator afterwards, declared that complainant had paid up, or nearly so, the mopey which had been advanced to him, leaves no doubt ofi the mind of the court as to the payment. Whether the two receipts for $60 and for $31 are genuine, is extremely questionable. All the proof introduced in relation to them tends to prove them spurious; and the complainant has not examined either of the subscribing witnesses in relation to their execution. Considering them as forgeries, the defendant’s counsel insist, that however clear the complainant may have made out his case by other unexceptionable testimony, yet because of the iniquity connected with these receipts, he is not entitled to equity. That would be an overstrained application of the rule.— If a complainant’s cause of action originates in iniquity, although he may have the right, as against his antagonist, the court of chancery will turn him out without relief, because it will not give its aid to the establishment and enforcement of a right so stained with sin. But if in the establishment of a fair, clear and honest right, a complainant in relation to some of his proof, may be guilty of misconduct, independently 'of which there may be *127 unexceptionable evidence abundantly sufficient to establish the fairness and honesty of bis claim, the court will not, on account of such misconduct, refuse relief. We think therefore that there is no error in this decree, and that it ought to be affirmed.
Decree affirmed.