WHITE, Judge.
This is an appeal from a summary final decree adverse to the appellant as defendant in the trial below. The decree granted the plaintiff’s prayer for rescission of certain written instruments by which the plaintiff had relinquished to the defendant, his stepdaughter, all his rights and interests in the estate of his deceased wife who was the defendant’s mother.
The complaint alleged that the plaintiff, while hospitalized with an infection, executed the instruments in question without adequate consideration and under misapprehension of his legal rights because of a wrongful withholding of information by the defendant. The defendant’s answer challenged the court’s jurisdiction, denied the material allegations of the complaint and alleged affirmatively that the plaintiff had received from the decedent some personal articles, notably a man’s ring of considerable value which belonged to the estate and should be returned. The defendant also claimed to have paid debts of the plaintiff during his illness following his wife’s death.
The plaintiff’s claim of interest in his wife’s estate derives from Florida Statutes, § 731.10, F.S.A., which provides:
“When a person marries after making a will and the spouse survives the testator, such surviving spouse shall receive a share in the estate of the testator equal in value to that which such surviving spouse would have received if the testator had died intestate, unless provision has been made for such spouse by marriage contract or *214 unless such spouse is provided for in the will, or unless the will discloses an intention not to make such provision. The share of the estate which is assigned to such pretermitted spouse shall be raised in accordance with the order of appropriation of assets set forth in this law.”
The plaintiff’s motion for summary final decree submitted the deposition of the defendant Dorothy Jean Campbell. From the aggregate record it appears that Garl Owen was the surviving husband of Margaret Milligan Walden Owen who died testate in West Palm Beach, Florida, on August IS, 1959 leaving an estate valued at $26,435.36. Margaret Owen was also survived by a daughter by a previous marriage, the defendant Dorothy Jean Campbell. The decedent’s last will and testament, which left all her estate to Dorothy Jean Campbell, was executed on January 26, 1959, nearly four months prior to her marriage to Garl Owen on May 23rd, 1959.
The foregoing order of events brought Garl Owen within the potential compass of the quoted statute, F.S. § 731.10, F.S.A. supra. As a pretermitted husband he would take an “intestate” interest in his wife’s estate in the event she predeceased him without formally republishing or changing her will of January 26, 1959. Such was the situation on August 15, 1959 when Margaret Owen died.
On August 18, 1959 Dorothy Jean Campbell conferred with her attorneys and was informed that, despite the will, she and Garl Owen were in effect equal heirs of Margaret Owen. Dorothy Jean Campbell thereupon secured the drafting of a quitclaim deed for execution by Garl Owen conveying to her his real property interests in the estate. She also secured the drafting of a “Renunciation and Disclaimer” by which Garl Owen would waive all his rights and interests and consent to the appointment of Dorothy Jean Campbell as executrix.
Dorothy Jean Campbell took the described instruments to Garl Owen at the hospital where he was convalescing and disclosed to him the terms of her mother’s will. After a discussion of matters not material to the issues of this case, Garl Owen executed the instruments of renunciation. In this connection Dorothy Jean Campbell stated in her deposition that she did not tell Garl Owen that he would be entitled to one-half his wife’s estate if he did not sign. In response to interrogation on this point her answer was “No, he didn’t ask me and I didn’t feel it was my duty to at that time”. Later in the deposition she reaffirmed this answer as follows:
“Q. You have previously testified that you felt you had no duty to inform Garl that he would have half of the estate if he didn’t sign the papers. A. That’s right.”
and further:
“Q. At the time you had him sign the papers did you offer any consideration of value for signing them? A. No, I didn’t.
“Q. You previously testified you never discussed the matter with him prior to that time? A. That’s right.”
Thus there emerged from the summary proceedings the admission that the defendant, having knowledge of the plaintiff’s rights and being the named executrix and sole beneficiary under the will, secured from the plaintiff the relinquishment of all his interests in the estate without offer of consideration and without disclosing that he had actual interest notwithstanding the will.
This brings us to the question of whether or not it was error to grant the plaintiff’s motion for summary decree. In view of the defendant’s deposition the Chancellor apparently saw no undetermined issue of fact which conceivably could alter his conviction that the defendant had breached a fiduciary duty in order to secure for her *215 self the whole of the estate instead of the one-half to which she was entitled by law. If the premise for such conclusion is correct, it follows that the summary decree was properly entered.
In Whitfield v. Whitfield, 1937, 127 Fla. 74, 172 So. 711 at page 712, the court said:
“We hold that it is a settled principle of law in this jurisdiction that an administrator’s relationship is a fiduciary one. It involves the handling under court supervision of the property which formerly belonged to one who has departed this life in order that creditors, legatees, distributees and other lawful claimants may receive that to which they are entitled under the law. He * * ”
and further,
“It therefore follows that an administrator stands in the position of a trustee holding the estate in trust for the heirs, distributees and creditors, and while acting in such trust capacity he cannot deal with his cestui que trust so as to acquire any advantage unto himself or unto another whom he represents otherwise than as administrator of the estate.”
In Cowen v. Adams, 6 Cir., 78 F. 536, cited in the Whitfield case, supra, a legatee sought relief from a release of interests obtained from him by an executor in circumstances which rendered the release unenforceable. The court said at page 552:
“Equity will relieve the legatee in such transactions, where he has, under a misapprehension of his legal rights, surrendered to the trustee valuable interests without any adequate consideration, especially where the situation is such that no harm will come to the interests of others. Such would be the case where the claim relates to a fund which has not yet passed beyond control. * * * ”
See also Pom.Eq.Jur. (4th ed.) page 2047.
The defendant, however, denied a trust or fiduciary relationship with the plaintiff. It was argued on her behalf that when she secured the instruments in question she had not yet received letters testamentary; that therefore she was neither obliged to make disclosure to the plaintiff in the first instance nor burdened in court with the affirmative duty of adducing evidence of good faith and fair dealing in her transactions with the plaintiff.
 Reason and principle alone would seem to refute the proposition that there can be no fiduciary relationship in the absence of a de jure appointment. We refer nevertheless to Eddy v. Eddy, 6 Cir., 168 F. 590, which, although not squarely in point on the facts, aptly describes the de facto fiduciary status of one who is about to qualify as personal representative of a decedent’s estate. The court said at page 597:
“ * * * It did not matter that his (executor’s) appointment had not yet been confirmed. It was expected that it shortly would be, and he was then acting in that character and in behalf of the estate. * * * ”
The defendant attempted on equitable grounds to inject the question of ownership of articles of personalty allegedly held by the plaintiff but belonging to the estate. Such diversionary issues were properly rejected. If they have any merit they may be submitted to the probate court for instructions as to whether adversary proceedings should be instituted to determine whether the articles are properly includable in the probate estate.
We note, finally, that the defendant petitioned for a rehearing with leave to amend her defenses by a further allegation of consideration for the plaintiff’s renunciation of interests. The proffered amendment was largely reiteration of the original defensive pleadings and was also repugnant *216 to the defendant’s testimony on deposition. The petition was rightly denied.
The Chancellor had jurisdiction of this cause and we are convinced that he correctly adjudged the plaintiff entitled to the relief sought. We therefore conclude that the decree should be left undisturbed.
Affirmed.
SHANNON, C. J., and KANNER, J., concur.