James FAUGHT, Plaintiff-Appellant,

v.

ESTATE OF Emma Corina FAUGHT, Defendant-Appellee.

Supreme Court of Tennessee, at Nashville.

May 18, 1987.

Paul A. Bates, Lawrenceburg, for plaintiff-appellant.

W. Howell Forrester, Pulaski, for defendant-appellee.

## OPINION

**BROCK, Chief Justice.**

This case involves the execution of a written instrument in which appellant James Faught, a surviving spouse, agreed to accept certain personalty in lieu of his interest in his deceased wife's estate. The probate judge found that the agreement to renounce on Mr. Faught complied with T.C.A., § 31–1–103(a) and (b) (1984) and was binding. The Court of Appeals concluded that the agreement was not in compliance with § 31–1–103(a) and (b), but that appellant Faught was bound by the agreement because he knowingly waived his rights to his portion of the estate. We cannot agree that Mr. Faught voluntarily waived a *known* right.[1] Accordingly, we reverse the decision of the Court of Appeals and remand the case to the probate court where appellant Faught shall be awarded his statutory share of the estate.

The appellant's wife, Emma Corina Faught, died intestate on June 11, 1984. When her estate was admitted to probate, her three children were named as co-administrators.

On September 8, 1984, co-administrators Vickie Gable, Michael Landis, and Roger Landis and Roger's wife Jennifer met with Mr. Faught at a local restaurant to discuss the disposition of Mrs. Faught's estate. There is some dispute over whether the parties discussed the decedent's house and real estate at that time.

As a result of their discussion, the parties executed a handwritten agreement in which Mr. Faught agreed "to accept the below listed articles in lieu of my portion of the estate of Emma Corina Faught." The articles listed thereafter were sixteen numbered items of personalty, including tools,

---

1. The issue of waiver is not foreclosed from our consideration by T.C.A., § 27–1–113. *See: Hamblen County v. City of Morristown,* Tenn., 656 S.W.2d 331, 335, wherein we held:

   The contention of the county that review by this Court has been foreclosed by concurrent findings by the two lower courts is without merit. The rule that concurrent findings of the Chancery Court and the Court of Appeals are binding on this Court, if there be any

   evidence to support them, applies only to findings *of fact,* not to conclusions of law. T.C.A., § 27–1–113. The ascertainment of the intention of the parties to a written contract is a question of law, rather than a question of fact. *Oman Const. Co. v. Tennessee Cent. Ry. Co.,* 212 Tenn. 556, 370 S.W.2d 563 (1963); *Petty v. Sloan,* 197 Tenn. 630, 277 S.W.2d 355 (1955); *Rodgers v. Burnett,* 108 Tenn. 173, 65 S.W. 408 (1901).

furniture, appliances and vehicles. At the end of the agreement, there was another promise that Mr. Faught would accept those items in lieu of his portion of the estate.

On September 24, 1984, Mr. Faught filed a petition for his distributive share, homestead, exempt property, year's support, specific property and any other property to which he was entitled. He alleged that he was entitled to one-third of all the real and personal property of the estate. The co-administrators answered that Mr. Faught had no interest in the decedent's real estate and that he was estopped from asserting any interest in the estate by virtue of the September 8, 1984 waiver agreement.

■ The probate court held that Mr. Faught was bound by the terms of the waiver agreement and that the agreement met with the requirements for renouncing an interest under T.C.A., § 31-1-103. That statute provides in part:

*31-1-103. Renunciation or disclaimer of succession.*—(a) A Person (or his personal representative) who is an heir, devisee, person succeeding to a renounced interest, beneficiary under a testamentary instrument or person designated to take pursuant to a power of appointment exercised by a testamentary instrument may renounce in whole or in part the succession to any property or interest therein by filing a written instrument within the time and at the place hereinafter provided. The instrument shall:

(1) Describe the property or part thereof or interest therein renounced;

(2) Be signed by the person renouncing; and

(3) Declare the renunciation and the extent thereof.

(b) The writing specified in subsection (a) must be filed within nine (9) months after the death of the decedent or the donee of the power, or if the taker of the property is not then finally ascertained, not later than nine (9) months after the event by which the taker or the interest is finally ascertained. The writing must be filed with the court where the proceedings concerning the decedent's estate are pending, or where they would be pending if commenced and a copy shall be filed in the county register's office. A copy of the writing also shall be mailed to the personal representative of the decedent.

As noted by the Court of Appeals, the agreement in the present case fails to meet the requirements of § 31-1-103 for several reasons. First of all, the agreement does not describe the property renounced as required by subsection (a)(1). Instead, the instrument states only that Mr. Faught agreed to accept certain articles in lieu of his "portion of the estate." Secondly, subsection (a) of the statute indicates that the person who is renouncing his interest must be the one who files the instrument with the probate court. However, in this case, it was the co-administrators who did the filing, not Mr. Faught. And finally, since the record does not show otherwise, we must assume that the document was not filed in the county register's office in accordance with subsection (b) of the statute. Therefore, the trial court was wrong and the Court of Appeals correctly concluded that the document in this case was not an instrument renouncing an interest under § 31-1-103(a) and (b).

Although Mr. Faught's renunciation did not satisfy § 31-1-103(a) and (b), subsection (f) of the same statute allows additional methods for renouncing an inheritance: "This section does not abridge the right of any person to assign, convey, release or renounce any property arising under any other section of this title or any other statute." Since Mr. Faught's interest in his wife's estate arises under other statutes in the Code, § 31-1-103(f) gives Mr. Faught the right to renounce his interest by an otherwise binding agreement. Thus, the determinative issue is whether or not the September 8 written agreement is otherwise binding. Specifically, is the agreement effective as a waiver?

■ Waiver is a voluntary relinquishment or abandonment of a known right or privilege. *Chattem, Inc. v. Provident Life & Accident Insurance Co.*, 676 S.W.2d 953, 955 (Tenn.1984); *Felts v. Tennessee*

*Consolidated Retirement System,* 650 S.W.2d 371, 375 (Tenn.1983). Thus, when an individual does not know of his rights or when he fails to fully understand them, there can be no effective waiver of those rights.

■ The rule is that there can be no waiver where there is no intent to waive, unless a party so acts as to mislead the other, and is estopped thereby. Thus, the intent necessary to constitute a waiver may be either express or implied; it may be inferred from, or appear as a legal result of, conduct.

In the case at bar, Mr. Faught maintains that at the time of the waiver, he did not know that he had any interest in the decedent's house. He contends that without such information, he could not and did not make a knowing waiver. The decedent's children, however, claim that Mr. Faught had a complete understanding of his rights in the estate, including his interest in the decedent's house. They insist that they informed Mr. Faught of his rights and that Mr. Faught, therefore, should be bound by the waiver agreement. Based upon our review of the record *de novo* with a presumption of correctness, we conclude that the evidence preponderates against the lower courts' conclusion that Mr. Faught's decision was knowledgeable. *See, e.g., Hudson v. Capps,* 651 S.W.2d 243, 247 (Tenn.App.1983), *cert. denied* (Tenn.1983); Tenn.R.App.P. 13(d). We reach this conclusion because the record does not show that the co-administrators fully explained Mr. Faught's rights to him. Although they did make general reference to Mr. Faught's interest in the estate during their meeting with him, under the law of fiduciary relations they were required to do more.

The house in this case was deeded in the wife's name alone. She had owned this property before she and plaintiff were married. The property also had a mortgage on it at the time of her death. Said mortgage was paid off with credit life insurance which plaintiff's wife had taken out with the loan. At the time the waiver was executed the plaintiff was aware of the existing mortgage but he was unaware that it was paid off upon her death. Defendants knew this fact but failed to tell the plaintiff. There is no evidence, either of the value of the home or of the amount of the mortgage.

As co-administrators of the estate, the decedent's children occupied a fiduciary role in their dealings with Mr. Faught who was a beneficiary of the estate. *See Baker v. Baker,* 24 Tenn.App. 220, 142 S.W.2d 737, 749–50 (1940), *cert. denied* (Tenn. 1940). Because of this fiduciary role, the co-executors were required to disclose all material facts to Mr. Faught including the value of the estate, the value of the house, and the value of Mr. Faught's statutory share of the estate. *See Spurlock v. Brown,* 91 Tenn. 241, 18 S.W. 868, 873 (1892); *Mayrand v. Mayrand,* 194 Ill. 45, 61 N.E. 1040, 1041 (1901). Furthermore, the co-executors have had the burden of showing by a clear preponderance of the evidence that they did in fact provide Mr. Faught with all the material facts before he executed the waiver document. It is our opinion that the co-executors have failed to carry their burden of proof.

The co-administrators in this case testified that they told Mr. Faught that he was entitled to one-third of his wife's estate. They also testified that they told him that the items to be taken in lieu of his one-third interest were worth less in monetary value than his statutory third of the estate. Finally, the co-executors testified that they did mention the decedent's house in their discussion with Mr. Faught and that Faught had told them that he did not want the house sold. Mr. Faught, in contrast, testified that he had no knowledge of his legal rights in the house, and he insisted that the co-executors had never informed him that he had any rights to the home.

While the testimony at trial indicates that the executors may have mentioned the house to Mr. Faught, there is no evidence that they informed Mr. Faught of the value of his interest in the house. Furthermore, they apparently did not discuss the value of the entire estate, nor did they discuss the exact value of the items that Mr. Faught was accepting in lieu of his statutory share.

Although the executors knew that the mortgage on the decedent's house had been paid off with credit life insurance at the time of the death, they failed to pass this information along to Mr. Faught. Under these circumstances, the co-executors did not fulfill their duty as fiduciaries.

In *Mayrand v. Mayrand, supra,* the court said that the stepson, as executor, in making a contract with the stepmother concerning her rights in the estate, must explain to her the extent of the estate and the probable value of her interests in it. He must advise her concerning the value of the estate, her legal rights as widow, and the value of her right as widow, even though she and the testator had been estranged for several years.

In *Campbell v. Owen,* 132 So.2d 212 (Fla.App.1961), a woman executed a will naming her daughter as executrix and making her the sole beneficiary of the will. The testatrix later married and died without changing her will, so that her husband was entitled to take an intestate share of her estate. The daughter learned of his rights and caused an attorney to prepare a deed by which the husband quitclaimed his interests in the real estate to her, and she induced him to sign the deed and a disclaimer of rights in the estate without telling him of his legal rights. The court held that he was entitled to rescind the instruments, and that the fiduciary relationship existed even though the executrix had not received letters testamentary, when the parties had expected that letters would be issued in due course.

Because the co-administrators failed to inform Mr. Faught of *all* his rights in the estate, his decision to enter into the waiver agreement was not a knowing one. Thus, since Mr. Faught did not understand what he was giving up, and since the fiduciary co-executors did not properly inform him, the September 8 waiver document executed by the parties is without effect. Mr. Faught, therefore, is not bound thereby, and he is entitled to his statutory share of Mrs. Faught's estate.

Accordingly, the judgment of the lower courts is reversed, and this case is remanded to the probate court where Mr. Faught shall be awarded that portion of the estate to which he is entitled.

Costs incurred in this Court are taxed against the Defendant-Appellee.

FONES, COOPER, HARBISON and DROWOTA, JJ., concur.