IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 3, 2012

# CHRISTINA K. DEWEESE RICHMOND v. GREGORY ALAN RICHMOND

**Appeal from the Chancery Court for Cumberland County**
**No. 9551-12-06     Ronald Thurman, Chancellor**

---

**No. E2011-01687-COA-R3-CV-FILED-MAY 7, 2012**

---

Christina K. Deweese Richmond ("Wife") and Gregory Alan Richmond ("Husband") were divorced in June of 1999. In March of 2011, Wife filed a motion to clarify the parties' Final Decree of Divorce. After a hearing, the Trial Court entered its order holding, *inter alia*, that Wife was awarded 42.5% of Husband's disposable military retired pay. The Trial Court also ordered that Husband shall pay to Wife her share of his military retirement accruing from August 2010 through June 2011 in the amount of $4,915.90 less federal taxes. Husband appeals raising issues regarding whether Husband should be entitled to the protection of the unclean hands doctrine and whether Wife waived her rights to past payments of Husband's military retirement. We find neither unclean hands nor waiver, and we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and JOHN W. MCCLARTY, J., joined.

Shelley S. Breeding, and Allison Starnes-Anglea, Knoxville, Tennessee, for the appellant, Gregory Alan Richmond.

Jeffrey A. Vires, Crossville, Tennessee, for the appellee, Christina K. Deweese Richmond.

## OPINION

## Background

Wife and Husband were divorced by Final Decree of Divorce entered in June of 1999. In the Final Decree of Divorce, Wife was awarded "one-half of Husband's retirement with the United States Air Force up until the date of divorce" when Husband retired at some then unknown time in the future. Husband retired from the military on August 1, 2010. When the parties divorced, Husband had completed 17 years of military service. Husband retired with 28 years of military service.

In March of 2011, Wife filed a motion to clarify the Final Decree of Divorce alleging, among other things, that the language contained in the Final Decree of Divorce with regard to Husband's military retirement was insufficient to allow the direct payment to Wife of her share of Husband's military retirement payments. Wife sought, among other things, an order to allow her to receive directly her share of Husband's military retirement and her share of the payments made to Husband from the date of his retirement until the date Wife would begin to receive direct payments.

After a hearing, the Trial Court entered a Military Retired Pay Division Order on June 27, 2011 holding, *inter alia*, that Wife was awarded 42.5% of Husband's disposable military retired pay. The Trial Court also entered an order on July 13, 2011 finding and holding that Husband "is indebted to and owes the [Wife] her property share of his Federal military retirement accruing from August 2010 through June 2011 in the amount of $4,915.90, less applicable federal taxes." In its July 13, 2011 order, the Trial Court ordered Husband to pay to Wife $200.00 per month until he had paid in full the sum of $3,852.93, which is $4,915.90 less the applicable federal taxes. Husband appeals.

## Discussion

Although not stated exactly as such, Husband raises two issues on appeal: 1) whether Wife's failure to file the necessary paperwork until twelve years after the divorce entitles Husband to the protection of the unclean hands doctrine; and, 2) whether Wife waived her right to receive the past payments of her share of Husband's retirement by waiting twelve years to complete the necessary paperwork to secure such payments.

Our review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a *de novo* review with no presumption of

correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

We first consider whether Wife's failure to file for twelve years the necessary paperwork to be paid a portion of Husband's retirement entitles Husband to the protection of the unclean hands doctrine. As this Court explained in *In re Estate of Boote*:

> The doctrine of unclean hands is a fundamental tenet of the courts of equity. *Segal v. United Am. Bank*, No. W2004-02347-COA-R3-CV, 2005 WL 3543332, at *4 (Tenn. Ct. App. Dec. 28, 2005) (No Tenn. R. App. P. 11 application filed). It is intended to protect the courts, and it is based on the principles that he who seeks equity must do equity and that he who has done inequity cannot have equity. *Tuck v. Payne*, 159 Tenn. 192, 197-98, 17 S.W.2d 8, 9 (1929); *Segelke v. Segelke*, 584 S.W.2d 211, 214 (Tenn. Ct. App. 1978); *Thomas v. Hedges*, 27 Tenn. App. 585, 592, 183 S.W.2d 14, 16 (Tenn. Ct. App. 1944); *See generally* William H. Inman, *Gibson's Suits in Chancery* § 2.09, at 2-9 to 2-11 (8th ed. 2004). When the doctrine applies, it provides the court with a basis to decline to grant relief to parties who have willfully engaged in unconscionable, inequitable, immoral, or illegal acts with regard to the subject matter of their claims. *Hogue v. Kroger Co.*, 213 Tenn. 365, 371, 373 S.W.2d 714, 716 (1962); *C. F. Simmons Med. Co. v. Mansfield Drug Co.*, 93 Tenn. 84, 94, 23 S.W. 165, 168 (1893); *Goodwin v. Hunt*, 11 Tenn. (3 Yer.) 124, 126 (1832); *Prism Partners, L.P. v. Figlio*, 1997 WL 691528, at *6; *Cont'l Bankers Life Ins. Co. of the S., Inc. v. Simmons,* 561 S.W.2d 460, 465 (Tenn. Ct. App. 1977).

* * *

> The evidentiary standard when assessing the evidentiary foundation for an argument that the unclean hands doctrine should be applied is the preponderance of the evidence standard. *Town of Bartlett v. Beaty*, 59 Tenn. App. 406, 417-19, 440 S.W.2d 831, 837 (1967); *Estes v. Morris*, 4 Tenn. App. 120, 122 (1926).

* * *

> Decisions regarding the proper application of the doctrine of unclean hands are heavily fact-dependent and are addressed to the considerable discretion of the trial court.

*In re: Estate of Boote*, 265 S.W.3d 402, 417-18 (Tenn. Ct. App. 2007) (footnotes omitted).

In the case now before us on appeal, the Trial Court implicitly found that Wife had not "willfully engaged in unconscionable, inequitable, immoral, or illegal acts with regard to the subject matter of [her] claims ...," and explicitly found that there was no willful failure to act, when it denied to apply the unclean hands doctrine. *Id.* As the record now before us is devoid of any evidence that Wife engaged in behavior which would support a finding of unclean hands, the evidence does not preponderate against the Trial Court's findings.

Husband argues in his brief on appeal that Wife came to this action with unclean hands because Wife "was obligated to complete the order transferring her share of Husband's retirement and that Wife failed to take that action for twelve (12) years." We disagree. First, we note that when the parties were divorced in 1999 Husband had not yet retired from the military and did not plan to do so in the near future. Further, we note that, as expected by the parties, Husband did not retire from the military until some years later, in August of 2010. While Wife could have filed the paperwork to insure the transfer of her share of Husband's retirement at the time of the divorce, she would not have been eligible to receive her share of Husband's retirement until Husband retired. As such, neither party was prejudiced in any way by Wife not "complet[ing] the order transferring her share of Husband's retirement ..." at the time of the divorce. Furthermore, we find nothing unconscionable, inequitable, immoral, or illegal in Wife's actions. This issue is without merit.

We next consider whether Wife waived her right to receive the past payments of her share of Husband's retirement by waiting twelve years to complete the necessary paperwork to secure such payments. As our Supreme Court has explained:

> As this Court noted in *Chattem, Inc. v. Provident Life & Accident Ins. Co.*, 676 S.W.2d 953, 955 (Tenn.1984), "[a] waiver is a voluntary relinquishment by a party of a known right." Waiver "may be proved by express declaration; or by acts and declarations manifesting an intent and purpose not to claim the supposed advantage; or by a course of acts and conduct ...." *Baird v. Fidelity Phenix Fire Ins. Co.*, 178 Tenn. 653, 665, 162 S.W.2d 384, 389 (1942). However, if an individual does not know of his rights or if he fails to understand them he cannot waive those rights. *Faught v. Estate of Faught*, 730 S.W.2d 323, 326 (Tenn.1987).

*Reed v. Washington County Bd. of Educ.*, 756 S.W.2d 250, 255 (Tenn. 1988).

In his brief on appeal, Husband argues that "Wife knew of her right to a portion of Husband's retirement when the Marital Dissolution Agreement was executed in 1999. Wife waived that right by neglecting and failing to act as to induce a belief to Husband that it was her intention to waive her rights …." We disagree. At the time of the divorce in 1999, Wife knew of her right to receive a portion of Husband's retirement *when Husband retired at some time in the future*. Husband did not retire until August of 2010. Wife attempted to obtain her share of Husband's retirement when he retired and was unable to do so with the parties' Final Decree of Divorce and Marital Dissolution Agreement. Wife also attempted to have Husband sign documents which would have facilitated her receipt of her portion of Husband's retirement, but Husband apparently refused to sign. Wife then filed this suit in March of 2011 seeking, in part, a court order to allow the transfer to her of her portion of Husband's retirement.

We find no evidence in the record, nor did the Trial Court, which even suggests that Wife manifested an intent not to claim her share of Husband's retirement. Nor does the record reveal any express declaration on Wife's part of an intent to waive her right to her share of Husband's retirement. Although Husband asserts that Wife *waited* twelve years to secure her payments, the reality is that Husband did not retire until August of 2010, and thus, Wife would not have been eligible to receive her share of Husband's retirement any sooner than that. Under the Trial Court's judgment neither Wife nor Husband will receive either more or less of Husband's military retired pay than provided for in the parties' 1999 Final Decree of Divorce. As such, we find and hold, as did the Trial Court, that Wife did not waive her right to her share of Husband's retirement.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellant, Gregory Alan Richmond, and his surety.

_____
D. MICHAEL SWINEY, JUDGE